FILED
SUPERIOR COURT
OF GUAM

2020 APR 24 PM 3: 29

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0640-18 |
| vs. | DECISION AND ORDER |
| BRANDON MICHAEL ACOSTA, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Brandon Michael Acosta's ("Defendant") Motion in Limine One: Criminal Sexual Charges Cannot as a Matter of Law be Proven ("Motion in Limine One") and Motion in Limine Two: Aggravated Murder Charges Two, Three and Four Cannot as a Matter of Law Be Proven ("Motion in Limine Two"), filed March 11, 2020. Defendant is represented by Attorney William B. Pole, and the People of Guam ("the Government") are represented by Assistant Attorneys General Leonardo M. Rapadas and Woodrow D. Pengelly. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING both Motions in Limine.

## BACKGROUND

Jury Selection and Trial in this matter began on February 24, 2020. Defendant is charged with four counts of Aggravated Murder (As a First Degree Felony); two counts of First Degree Criminal Sexual Conduct (As a First Degree Felony); two counts of Second Degree Criminal

*People v. Acosta*
Case No. CF0640-18
Decision and Order

Sexual Conduct (As a First Degree Felony); one count of Home Invasion (As a First Degree Felony); one count of Burglary (As a First Degree Felony); one count of Aggravated Assault (As a Second Degree Felony); and two counts of Third Degree Criminal Sexual Conduct (As a Second Degree Felony). (Superseding Indictment, Jul. 12, 2019). Each felony charge also has an attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony and Notice: Commission of a Felony While on Felony Release. *Id.* On March 10, 2020, the Government rested.[1] Defendant now moves the Court to dismiss the criminal sexual conduct charges and three of the aggravated assault charges because they cannot as a matter of law be proven.[2] *See generally*, Mot. Limine One, Mar. 11, 2020 & Mot. Limine Two, Mar. 11, 2020.

---

[1] Since the Government rested, because of public health concerns arising from the COVID-19 (coronavirus pandemic), *I Maga'hågan Guåhan* has issued several executive orders to stem the spread of the virus: Executive Order No. 2020-03, declaring a State of Emergency; Executive Order No. 2020-04, closing non-essential government operations through March 30, 2020; Executive Order No. 2020-05, prohibiting public gatherings and mandating social isolation; and Executive Order No. 2020-06, extending the suspension of non-essential government offices by an additional fourteen days. Pursuant to these orders, the Supreme Court of Guam issued Administrative Order No. ADM20-210, closing the Judiciary of Guam for all but essential services until March 30, 2020, and Administrative Order No. ADM20-214, extending the closure until April 15, 2020. All civil and criminal jury trials remained suspended without exception until April 15, 2020. On April 10, 2020, the Supreme Court of Guam issued Administrative Order No. ADM20-220, further extending the closure until May 6, 2020.

[2] The charges at issue are reflected in the Superseding Indictment as follows:

**CHARGE TWO**
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Aggravated Murder (As a 1st Degree Felony)**, in that he caused the death of another human being, that is, *Timicca Nauta*, during the commission of or attempt to commit the felony of First Degree Criminal Sexual Conduct, in violation of 9 GCA §§ 16.20(a), 16.30(a)(2), 16.30(b), 25.15(a)(1), and 13.10.

**CHARGE THREE**
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Aggravated Murder (As a 1st Degree Felony)**, in that he caused the death of another human being, that is, *Timicca Nauta*, during the commission of or attempt to commit the felony of Second Degree Criminal Sexual Conduct, in violation of 9 GCA §§ 16.20(a), 16.30(a)(2), 16.30(b), 25.20(a)(3), and 13.10.

**CHARGE FOUR**
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Aggravated Murder (As a 1st Degree Felony)**, in that he caused the death of another human being, that is, *Timicca Nauta*, during the commission of or attempt to commit the felony of Third Degree Criminal Sexual Conduct, in violation of 9 GCA §§ 16.20(a), 16.30(a)(2), 16.30(b), 25.25(a)(1), and 13.10.

**CHARGE SEVEN**
*Count One*
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **First Degree Criminal Sexual Conduct (As a 1st Degree Felony)**, when he intentionally engaged in sexual penetration with another, to wit: sexual intercourse with *Timicca Nauta*, and the sexual penetration occurred

# DISCUSSION

As an initial matter, the Court notes that the Government construes the Motions in Limine as motions for judgments of acquittal on factual grounds. *See* Response at 3, Mar. 12, 2020. Defendant, in reply, argues that the motions concern legal arguments that include factual determinations but are not in of themselves motions for directed verdict or motions of judgment of acquittal. (Reply at 2, Mar. 13, 2020). Defendant concedes, however, that when looking at the evidence as it relates to the law, such evidence should be looked at in the light most favorable to the Government. *Id.*

---

under circumstances involving another felony, namely, *Aggravated Assault pursuant to 9 GCA § 19.20(a)(1)*, in violation of 9 GCA §§ 25.15(a)(3) and (b).

### Count Two
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **First Degree Criminal Sexual Conduct (As a 1st Degree Felony)**, when he intentionally engaged in sexual penetration with another, to wit: by engaging in anal intercourse with *Timicca Nauta*, and the sexual penetration occurred under circumstances involving another felony, namely, *Aggravated Assault pursuant to 9 GCA § 19.20(a)(1)*, in violation of 9 GCA §§ 25.15(a)(3) and (b).

### CHARGE EIGHT
### Count One
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Second Degree Criminal Sexual Conduct (As a 1st Degree Felony),** when he intentionally engaged in sexual penetration with another, to wit: sexual intercourse with *Timicca Nauta*, and the sexual penetration occurred under circumstances involving another felony, namely, *Aggravated Assault pursuant to 9 GCA § 19.20(a)(1)*, in violation of 9 GCA §§ 25.15(a)(3) and (b).

### Count Two
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Second Degree Criminal Sexual Conduct (As a 1st Degree Felony),** when he intentionally engaged in sexual penetration with another, to wit: sexual intercourse with *Timicca Nauta*, and the sexual penetration occurred under circumstances involving another felony, namely, *Aggravated Assault pursuant to 9 GCA § 19.20(a)(1)*, in violation of 9 GCA §§ 25.15(a)(3) and (b).

### CHARGE TWELVE
### Count One
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony)**, when he intentionally engaged in sexual penetration with another, to wit: sexual intercourse with *Timicca Nauta*, a minor at least fourteen (14) years of age but less than sixteen (16) years of age, in violation of 9 GCA §§ 25.25(a)(1) and (b).

### Count Two
On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did commit the offense of **Third Degree Criminal Sexual Conduct (As a 2nd Degree Felony)**, when he intentionally engaged in sexual penetration with another, to wit: by engaging in anal intercourse with *Timicca Nauta*, a minor at least fourteen (14) years of age but less than sixteen (16) years of age, in violation of 9 GCA §§ 25.25(a)(1) and (b).

(Superseding Indictment, Jul. 12, 2019).

---

*People v. Acosta*
Case No. CF0640-18
Decision and Order

In his first Motion in Limine, Defendant argues that the Government cannot show whether the victim was alive at the time of any of the allegations of sexual assault, and that a defendant cannot be charged with assault on a person who has passed away, as there is a separate charge for such an offense, citing 9 G.C.A. § 61.50 (Disinterring a Corpse). *See generally*, Mot. Limine One, Mar. 11, 2020. The Government opposes, arguing that such a determination of whether or not the victim was alive at the time of the alleged criminal sexual conduct is for the jury as fact finders to decide, and that time is not an element of criminal sexual conduct. (Response at 3, Mar. 12, 2020). Thus, the first issue before the Court is a legal determination as to whether a victim must be alive at the time of the alleged sexual assault, for a defendant to be convicted of criminal sexual assault.

Defendant cites to *People v. Booker*, 245 P.3d 366 (Cal. 2011) and *People v. Hunter*, 530 N.W.2d 174 (Mich. App. 1995) for support. In *Booker*, the California Court held that "the crime of rape requires a live victim; the intent to have sexual intercourse with a dead body is neither rape or attempted rape." 245 P.3d at 398. In *Hunter,* the Michigan Court also concluded that the crime of criminal sexual conduct requires a live victim at the time of penetration. 540 N.W.2d at 176. Cases interpreting Michigan law are persuasive because Guam's criminal sexual conduct statutes were patterned after Michigan's. *People v. Ehlert*, 2019 Guam 3 ¶ 20 (citing *People v. Cummins*, 2010 Guam 19 ¶ 21). Accordingly, the Court will focus its review on *Hunter.* In its analysis, the Michigan Court noted that:

> [A] "victim is a "person alleging to have been subjected to criminal sexual conduct." A dead body is not a person. It cannot allege anything. A dead body has no will to overcome. It does not have the same potential to suffer physically or mentally as a live or even an unconscious or dying victim.

*Id.* However, the Michigan Court also noted in the context of a felony murder charge that a felony murder conviction may be sustained "where the victim dies during the attempt to perpetrate the underlying crime." *Id.* at 177. The Court finds that this holding is inconsistent with the Michigan Court's earlier rationale for its holding that criminal sexual conduct requires a live victim at the time of penetration. Neither a criminal sexual conduct victim killed before penetration nor a felony murder victim killed during a criminal sexual conduct attempt is capable of alleging

anything, yet in the latter instance a felony murder conviction will stand, while in the earlier instance a criminal sexual conduct conviction will not under the Michigan Court's reasoning.

This Court declines to adopt a bright-line rule that a rape victim must be alive at the moment of penetration. The Court finds that Guam's criminal sexual conduct statutes do not preclude application to dead victims. Further, a live victim requirement could encourage rapists to kill their victims. *See, e.g., State v. Brobek*, 751 S.W.2d 828 (Tenn. 1988); *State v. McLaughlin*, 265 S.W.3d 257, 269 (Mo. 2008). The fact that death may have preceded the sexual act by an instant should not negate commission of the crime of criminal sexual conduct and reduce it to a relatively minor offense. The *entirety* of a defendant's conduct from the beginning of the criminal assault through completion of the sexual act is to be considered. It is rape where a defendant both kills and sexually assaults a victim in a single, continuous act, or in a series of closely related acts, even if portions of the rape, including penetration, occur once the victim already has been killed. Accordingly, the Court holds that a rape victim need not be alive at the time of penetration provided the sexual assault is part of a continuous transaction. Here, the Superseding Indictment alleges that the sexual assault occurred under circumstances involving another felony – Aggravated Assault. The Court, in review of evidence presented to the jury in a light most favorable to the Government, finds that sufficient evidence exists[3] where a rational trier of fact could find the essential elements of each charge of criminal sexual conduct beyond a reasonable doubt. *See People v. Song*, 2012 Guam 21 ¶ 27. Therefore, the Court denies Defendant's first Motion in Limine.

Defendant also argues that the Second, Third, and Fourth Charges of Aggravated Murder (As a First Degree Felony) cannot be proven as a matter of law, because they include the element of criminal sexual conduct, and the criminal sexual conduct charges cannot stand pursuant to Defendant's Motion in Limine One. *See generally*, Mot. Limine Two, Mar. 11, 2020. The Aggravated Murder charges referenced accuse Defendant of causing the death of another human being during the commission of or attempt to commit each of the charged criminal sexual conduct

---

[3] "The Court is concerned with the existence or nonexistence of evidence, not its weight." *Song*, 2012 Guam 21 ¶ 29.

*People v. Acosta*
Case No. CF0640-18
Decision and Order

felonies. *See* Superseding Indictment, Jul. 12, 2019. Thus, the jury would have to find that Defendant committed the underlying criminal sexual conduct charge to be able to convict him of Aggravated Murder. As the Court found that the criminal sexual conduct charges still stand based on the discussion above, the second Motion in Limine must also be denied.

CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motions in Limine. The criminal sexual conduct charges and aggravated murder charges will go to the jury for their deliberation. A Status Hearing will be set upon further guidance from the Supreme Court of Guam as to the resumption of criminal jury trials and the reopening of the Guam Judicial Center to the public in light of *I Maga'hågan Guåhan's* Executive Order No. 2020-09, extending the public health emergency until May 5, 2020.

**IT IS SO ORDERED** this 24th day of April, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam